IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV |
| | ) | |
| vs. | ) | **VERIFIED COMPLAINT** |
| | ) | **FOR FORFEITURE** |
| $231,390.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, United States of America, and for its cause of action against the Defendant, states and alleges as follows:

1. The Court has jurisdiction of this matter pursuant to Title 28, United States Code, Sections 1345, 1355 and 1395, and pursuant to Title 21, United States Code, Section 881.

2. The Defendant is $231,390.00 in United States Currency.

3. The Defendant property is now and will be during the pendency of this action in the judicial district of the State of Nebraska.

4. On or about February 4, 2008, the Defendant property was seized in Seward county, Nebraska by deputies of the Seward County Sheriff's Office; the property is currently held by the United States Marshals Service. Immediately after said seizure, administrative forfeiture proceedings were instituted by the United States Drug Enforcement Administration.

5. Bartosz Marek Kupezyk has filed a Claim for ownership, pertaining to said Defendant property, with the United States Drug Enforcement Administration.

6. On February 4, 2008, Bartosz Marek Kupezyk was in possession of the Defendant property, as proceeds traceable to the exchange of a controlled substance, or alternatively, the Defendant property was used or was intended to be used to facilitate the transportation, sale, receipt, possession, concealment or distribution of a controlled substance, as more particularly described as follows:

   a. On February 4, 2008, a Seward County Sheriff's deputy stopped Bartosz Marek Kupezyk for speeding. Mr. Kupezyk had rented the vehicle in Chicago, Illinois, on February 3, 2008, and was to return the vehicle to San Francisco, California, on February 7, 2008. The deputy observed Mr. Kupezyk to be very nervous, evidence by his right hand visibly shaking.

   b. Mr. Kupezyk said he was not carrying any weapons, narcotics or large amounts of currency and gave the deputy consent to search the vehicle. The deputy saw a heat-sealed plastic bag containing U.S. currency in a duffle bag in the trunk. There were two pairs of paints, two shirts, two pairs of socks and one sweatshirt visible also in the bag, but no personal hygiene items in the bag. Located in the bottom of the bag was a locked, zippered compartment which contained two additional heat-sealed plastic bags containing U.S. currency.

   c. The three bags of U.S. currency totaled $231,390.00. After a drug canine indicated on the $231,390.00 during a discretionary search, the $231,390.00 was seized as drug proceeds. When the heat-sealed bags were opened, the odor of marijuana emitted from within the bags.

    d.    Mr. Kupezyk said he knew there was money in the duffle bag, but he did not know how much. Mr. Kupezyk said the money was not his, but he would give no further details and then signed a disclaimer form. When asked if he had transported drug money before, Mr. Kupezyk said, "This is my first time." Mr. Kupezyk refused to cooperate and was released.

7. By reason of the foregoing, the Defendant property was used or was intended to be used to commit or facilitate the commission of violations of Title 21, United States Code, Sections 841 and 844. The Defendant property is therefore subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6), and no other property rights should exist in it.

WHEREFORE, the Plaintiff, United States of America, prays the Defendant property be proceeded against for forfeiture in accordance with the laws and regulations of the rules of this Court; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that the Defendant property be condemned, as forfeited, to the United States of America and disposed of according to law and regulation; that the costs of this action be assessed against the Defendant property; and for such other and further relief as this Court may deem just and equitable.

UNITED STATES OF AMERICA,
Plaintiff

JOE W. STECHER
United States Attorney

By: _____
NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

VERIFICATION

STATE OF NEBRASKA       )
                                            ) ss.
COUNTY OF DOUGLAS   )

Pursuant to Rule C(2), Supplemental Rules for Certain Admiralty or Maritime and Asset Forfeiture Claims, Assistant United States Attorney for the District of Nebraska, Nancy A. Svoboda, being first duly sworn, deposes and states that the facts set forth herein are true and correct according to the best of her knowledge and belief.

NANCY A. SVOBODA (#17429)
Assistant U.S. Attorney

Subscribed and sworn to before me this ____ day of June, 2008.



Notary Public

Pursuant to the rules of this Court, the United States of America hereby requests the trial of the above and foregoing action be held in Omaha, Nebraska, and that it be calendared accordingly.

NANCY A. SVOBODA
Assistant U.S. Attorney

4